IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROGER DALE DUPREE, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Clerk of Court BART JACKSON, *et al.*, | : | NO. 5:12-CV-283 (CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **ROGER DALE DUPREE**, currently confined at Calhoun State Prison ("CSP"), filed this 42 U.S.C. § 1983 lawsuit (Doc. 1). In compliance with the Court's prior Order (Doc. 10), Plaintiff has submitted a supplement to his complaint (Doc. 11) and "Enclosures" (Doc. 12).

Plaintiff has also paid the initial partial filing fee of $23.38, as was previously ordered by this Court. He will be obligated to pay the unpaid balance of $326.62, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send a copy of this order to the business manager of CSP.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

1

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under

color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff is incarcerated pursuant to a 1993 conviction in the Jones County Superior Court ("JCSC") of aggravated assault, aggravated battery, and possession of firearm by a convicted felon. He attempted to file three pleadings in the JCSC between June 2011 and June 2012, in which he challenges his 1993 conviction based on his indictment not being "returned in open court." Plaintiff alleges that Defendant Bart Jackson, Clerk of the JCSC, failed to docket these pleadings and/or that Defendant Judge William A. Prior, Jr., failed to rule on them.

In support of his contention that his indictment was not returned in court, Plaintiff alleges that the "minutes were not recorded in the Minutes book of the final record." Among the documents Plaintiff submitted this Court, however, is an affidavit of Defendant Jackson, which was filed in the JCSC on January 5, 2012 (Doc. 11, p. 8). In the affidavit, Jackson states under oath that Plaintiff's indictment was "returned in open court by the sworn Grand Jury Bailiff with a Superior Court Judge and myself or one of my duly sworn Deputy Clerks also present."

Plaintiff seeks only injunctive relief. Specifically, he asks this Court to: (1) Order

Jackson to docket Plaintiff's motions; (2) Order Prior to set a date to hear Plaintiff's motions; (3) Remove Plaintiff's case from the Ocmulgee Judicial Circuit to another Circuit; (4) Remove Jackson and Prior from "Plaintiff's case"; and (5) award any other appropriate relief.

## III. DISCUSSION

Prisoners have a constitutional right of access to the courts. ***Christopher v. Harbury***, 536 U.S. 403, 415 n.12 (2002); ***Bounds v. Smith***, 430 U.S. 817, 821 (1977). To state a valid access to courts claim, however, a prisoner must allege an actual injury. ***Lewis v. Casey***, 518 U.S. 343, 349 (1996). Moreover, the injury must relate to prospective or existing litigation, such as "being prevented from presenting claims," while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." ***Wilson v. Blankenship***, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998).

"The allegations about the underlying cause of action must be specific enough to give fair notice to the defendants and must be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope." ***Cunningham v. District Attorney's Office for Escambia County***, 592 F.3d 1237, 1271 (11th Cir. 2010) (quotations omitted). The right of access to the courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." ***Christopher***, 536 U.S. at 415.

In the present case, Plaintiff has not alleged any facts suggesting that he might prevail in his state court action. Indeed, Jackson's affidavit would appear to dispel any such allegation, as would Plaintiff's nearly 20-year delay in challenging his conviction. The Supreme Court of Georgia has stated that evidence of an indictment being read in open court is controlling over the absence of court minutes to that effect. ***Green v. State***, 292 Ga. 451, 453, 738 S.E.2d 582 (2013).

Thus, Plaintiff has not shown that "the arguable nature of the underlying claim is more than hope." *Cunningham*, 592 F.3d at 1271.

Finally, to the extent that Plaintiff wishes to challenge his state court conviction in this Court, the appropriate vehicle is a habeas corpus petition under 28 U.S.C. § 2254.

## IV. CONCLUSION

Based on the foregoing, this action is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.1

**SO ORDERED**, this 8th day of August, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr

---

1 Plaintiff's pleading entitled "Background and Further Motion" (Doc. 15), in which he essentially rehashes legal arguments made in his complaint and supplement, is hereby **DENIED**.